**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
Elizabeth A. Wagner, Esq. (317098)
elizabeth@kazlg.com
245 Fischer Avenue, Suite 101
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Jessica Stock

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**JESSICA STOCK,
INDIVIDUALLY AND ON
BEHALF OF ALL OTHERS
SIMILARLY SITUATED,**

Plaintiff,

v.

**FIRSTMARK SERVICES,**

Defendant.

**Case No.:**

**CLASS ACTION**

**COMPLAINT FOR DAMAGES FOR
VIOLATIONS OF:**

I.   **THE ELECTRONIC FUND
     TRANSFERS ACT, 15 U.S.C. §
     1693, *ET SEQ.*;**
II.  **THE ROSENTHAL FAIR
     DEBT COLLECTION
     PRACTICES ACT, CAL. CIV.
     CODE § 1788, *ET SEQ.*;**
III. **CALIFORNIA'S UNFAIR
     COMPETITION LAW, CAL.
     BUS. & PROF. CODE § 17200;**
IV.  **NEGLIGENCE;**
V.   **CONVERSION; AND**
VI.  **TRESPASS TO CHATTELS.**

**JURY TRIAL DEMANDED**

///

Case No.:                                    *Stock, et al. v. Firstmark Services*
**CLASS ACTION COMPLAINT FOR DAMAGES**

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

**INTRODUCTION**

1.  Congress has found that the use of electronic systems to transfer funds provides the potential for substantial benefit to consumers. Due to the unique characteristics of such systems, Congress passed the Electronic Funds Transfer Act to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic funds transfer systems, most particularly, to provide consumers with individual rights.

2.  Furthermore, the California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3.  JESSICA STOCK ("Plaintiff") by Plaintiff's attorneys, brings this action to challenge the conduct of FIRSTMARK SERVICES ("Defendant") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4.  Plaintiff make these allegations on information and belief, with the exception of those allegations that pertain to another Plaintiff, or to a Plaintiff's counsel, which Plaintiff allege on personal knowledge.

5.  While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

6. Unless otherwise stated, Plaintiff allege that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that defendant named.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1693, and 28 U.S.C. § 1367 for supplemental State claims.

9. This action arises out of Defendant's violations of (i) the Electronic Fund Transfers Act, 15 U.S.C. § 1693, *et seq.* ("EFTA"); (ii) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("RFDCPA"); (iii) California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 ("UCL"); (iv) negligence; (v) conversion; and (vi) trespass to chattels.

10. Because Defendant conducts business within the State of California, personal jurisdiction is established.

11. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Orange, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducts business within this judicial district and is located within this judicial district as well.

## PARTIES

12. Plaintiff is a natural person who resides in the County of Orange, State of California, from whom a debt collector sought to collect a consumer debt which was alleged to be due and owing from Plaintiff, and who is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

///

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

13. Plaintiff is informed and believes, and thereon alleges, that Defendant, is a student loan servicer operating from the State of Nebraska.

14. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

15. Defendant is also a "person" as defined by Regulation E in 12 C.F.R. 1005.2(j) and used throughout EFTA and a "financial institution" as defined by 15 U.S.C. § 1693a(9).

16. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

17. The term "electronic fund transfer" which means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, and transfers initiated by telephone. *See* 15 U.S.C. § 1693a(7).

### FACTUAL ALLEGATIONS

18. Sometime prior to 2018, Plaintiff incurred a debt to Great Lakes Educational Loan Services, Inc. ("Great Lakes").

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

CLASS ACTION COMPLAINT FOR DAMAGES

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

19. These financial obligations were incurred to Defendant for Plaintiff's personal usage and constitute money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

20. After establishing a relationship with Great Lakes, Plaintiff preauthorized Great Lakes in writing to initiate electronic fund transfers from Plaintiff's account in order to satisfy Plaintiff's monthly payment obligations.

21. These electronic fund transfers occurred at regular intervals each month.

22. Sometime prior to May 30, 2018, Defendant obtained Plaintiff's account from Great Lakes.

23. Defendant is a "financial institution" as defined by 15 U.S.C. § 1693a(9).

24. At no point prior to this had Plaintiff communicated with Defendant for any reason.

25. At no point prior to this had Plaintiff conducted any business of any kind with Defendant.

26. Plaintiff had never provided written preauthorization to Defendant to initiate any electronic fund transfers from Plaintiff's account.

27. Plaintiff had never provided oral preauthorization to Defendant to initiate any electronic fund transfers from Plaintiff's account.

28. On June 20, 2018, Plaintiff received a written communication from Defendant informing Plaintiff that Defendant would now be servicing Plaintiff's account.

29. Defendant's June 20, 2018 written communication failed to inform Plaintiff of Plaintiff's liability for unauthorized electronic fund transfers as required by 15 U.S.C. § 1693c(a)(1).

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

30. Defendant's June 20, 2018 written communication failed to provide Plaintiff with notice of the advisability of prompt reporting of any loss, theft, or unauthorized usage as also required by 15 U.S.C. § 1693c(a)(1).

31. Defendant's June 20, 2018 written communication failed to provide Plaintiff the telephone number and address of the person or office to be notified in the event that the consumer believes that an unauthorized electronic fund transfer has been or may be effected as required by 15 U.S.C. § 1693c(a)(2).

32. Defendant's June 20, 2018 written communication failed to inform Plaintiff of the type and nature of electronic fund transfers which the consumer may initiate, including any limitations on the frequency or dollar amount of such transfers as required by 15 U.S.C. § 1693c(a)(3).

33. Defendant's June 20, 2018 written communication failed to inform Plaintiff of any charges for electronic fund transfers or for the right to make such transfers as required by 15 U.S.C. § 1693c(a)(4).

34. Defendant's June 20, 2018 written communication did inform Plaintiff that Plaintiff had the right to stop payment of electronic fund transfers as well as the procedure to initiate such a stop payment order as required by 15 U.S.C. § 1693c(a)(5).

35. Specifically, Defendant's June 20, 2018 written communication informed Plaintiff that Plaintiff could change or cancel auto debit payments via e-mail; facsimile; telephone; or U.S. Mail.

36. Defendant's June 20, 2018 written communication failed to inform Plaintiff of Plaintiff's right to receive documentation of electronic fund transfers under 15 U.S.C. § 1693d as required by 15 U.S.C. § 1693c(a)(6).

37. Defendant's June 20, 2018 written communication failed to provide Plaintiff a summary of the error resolution provisions of 15 U.S.C. § 1693f and Plaintiff's rights thereunder as required by 15 U.S.C. § 1693c(a)(7).

38. Defendant's June 20, 2018 written communication failed to inform Plaintiff of Defendant's liability to the consumer under 15 U.S.C. § 1693h as required by 15 U.S.C. § 1693c(a)(8).

39. Defendant's June 20, 2018 written communication failed to inform Plaintiff under what circumstances Defendant will in the ordinary course of business disclose information concerning Plaintiff's account to third persons as required by 15 U.S.C. § 1693c(a)(9).

40. On July 5, 2018, Plaintiff informed Defendant via facsimile that Plaintiff never consented or gave permission to Defendant to withdraw funds from Plaintiff's account.

41. Plaintiff also directed Defendant to not take any other funds from Plaintiff's account.

42. Said facsimile was received by Defendant on July 5, 2018 at 11:47 a.m.

43. Defendant acknowledged receipt of Plaintiff's July 5, 2018 fax on July 9, 2018.

44. Despite this revocation, Defendant automatically withdrew $402.65 from Plaintiff's account on July 26, 2018.

45. As stated above, Plaintiff contends that any and all electronic fund transfers violated EFTA because Plaintiff never provided Defendant with written or oral preauthorization to electronically transfer funds from Plaintiff's account.

46. In addition, Defendant also failed to stop payment of a transfer from Plaintiff's account when instructed to do so by Plaintiff in accordance with the terms and conditions of the account.

47. Plaintiff's account constitutes an "account" as defined by 15 U.S.C. § 1693a(2); and, 12 C.F.R. 1005.2(b)(1).

48. At no point did Plaintiff provide Plaintiff's consent to Defendant to allow Defendant to unilaterally debit money from Plaintiff's account.

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

49. This abovementioned withdrawals were unauthorized electronic fund transfers as defined by 15 U.S.C. § 1693a(12); and, 12 C.F.R. 1005.2(m).

50. Defendant took Plaintiff's personal funds from Plaintiff's account thereby taking possession of, and assuming control over, monies owned by Plaintiff for Defendant's personal gain.

51. By withdrawing said funds, Defendant deprived and/or prevented access to Plaintiff's funds.

52. Such conduct amounts to civil theft of Plaintiff's property in violation of common law conversion.

53. Through this conduct, Defendant intentionally took monies from Plaintiff's bank account.

54. At all times, Plaintiff owned and/or had full possessory rights over the funds in Plaintiff's bank account.

55. At all times, Defendant had no possessory right to the funds in Plaintiff's bank account.

56. Defendant prevented Plaintiff from having access to said account and fully deprived Plaintiff of any possessory rights or enjoyment of Plaintiff's chattels or monies described above.

57. Through this conduct, Defendant acted in a manner that was oppressive, fraudulent, malicious and outrageous.

58. Through this conduct, Defendant harmed Plaintiff by wholly depriving Plaintiff of the full use, value and enjoyment of the chattels or monies described above.

59. Through this conduct, Defendant further caused Plaintiff to suffer emotional distress.

60. The conduct of Defendant was a substantial factor in causing Plaintiff this emotional distress and the harm described above in an amount to be proven at trial.

**CLASS ACTION COMPLAINT FOR DAMAGES**

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

61. Through this conduct, Defendant committed conversion.

62. Plaintiff believes and thereon alleges that Defendant owed various duties to Plaintiff pursuant to EFTA; UCL; and, RFDCPA.

63. Defendant owed a duty to Plaintiff with regard to its manner of debt collection practices.

64. Through Defendant's conduct, Defendant breached Defendant's statutory and common law duties by engaging in the acts described herein each in violation of the EFTA; UCL; and, RFDCPA.

65. Defendant is the actual and legal cause of Plaintiff's injuries.

66. Plaintiff has suffered severe emotional distress as a proximate cause of Defendant's negligence.

67. Through the conduct alleged herein, Defendant breached Defendant's duties in an oppressive, malicious, despicable, gross and wantonly negligent manner.

68. Through this conduct, Defendant consciously disregarded Plaintiff's rights.

69. Plaintiff, at all times relevant, had a right to possession of Plaintiff's bank account and monies contained therein.

70. Defendant unlawfully took possession of the monies contained in Plaintiff's bank account.

71. Through this conduct, Defendant prevented Plaintiff from having access to said bank account and monies.

72. Plaintiff did not consent to any of Defendant's conduct.

73. Through this conduct, Defendant's has caused Plaintiff's damages including but not limited to, lost wages, deprivation of use of Plaintiff's account, inconvenience, and emotional distress.

74. Plaintiff has experienced severe stress as a result of Defendant's conduct.

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

75. Through this conduct, Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress and abuse Plaintiff in connection with the collection of the alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

76. Through this conduct, Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations in connection with the collection of the alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

77. Through this conduct, Defendant violated 15 U.S.C. § 1692e(2)(A) by making a false or misleading representation in regards to the character, amount, or legal status of the alleged debt. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17.

78. Through this conduct, Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means in attempting to collect the alleged debt from Plaintiff. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17.

79. Through this conduct, Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Plaintiff's alleged debt. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17.

80. Through this conduct, Defendant violated 15 U.S.C. § 1692f(1) by collecting funds from Plaintiff that were not authorized by any agreement creating the debt nor permitted by law. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17.

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

81. Through this conduct, Defendant violated 15 U.S.C. § 1693e(a) in that Defendant executed an unauthorized electronic fund transfer from Plaintiff's account without preauthorization.

82. Through this conduct, Defendant violated 15 U.S.C. § 1693e(a) in that Defendant executed an unauthorized electronic fund transfer from Plaintiff's account without preauthorization in writing.

83. Through this conduct, Defendant violated 15 U.S.C. § 1693e(a) in that Defendant executed an unauthorized electronic fund transfer from Plaintiff's account without oral preauthorization.

84. Through this conduct, Defendant violated 15 U.S.C. § 1693h(a)(3) by failing to stop payment of an electronic fund transfer when instructed to do so by Plaintiff.

### CLASS ACTION

85. Plaintiff bring this class action on behalf of herself, and on behalf of all others similarly situated.

86. Plaintiff defines the "EFTA Class" as:

   (i) all persons (ii) for whom Defendant (iii) initiated an electronic funds transfer (iv) for an account (v) obtained from Great Lakes.

87. Plaintiff defines the "EFTA Revocation Class" as:

   (i) all persons (ii) for whom Defendant (iii) initiated an electronic funds transfer (iv) for an account (v) obtained from Great Lakes (vi) after being told not to do so.

88. Plaintiff defines the "EFTA Terms and Conditions of Transfers Class" as:

   (i) all persons (ii) for whom Defendant (iii) sent a written communication (iv) for an account (v) obtained from Great Lakes (vi) containing Terms and Conditions of Transfers (vii) substantially in the form as received by Plaintiff.

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

89. Plaintiff defines the "RFDCPA Class" as:

> (i) all persons with addresses within the State of California;
> (ii) from who Defendant initiated an electronic funds
> transfer; (iii) for an account (iv) obtained from Great Lakes
> (v) to recover a consumer debt; (vi) at any time one year
> prior to the date of the filing of this Action.

90. Plaintiff refers to the EFTA Class; EFTA Revocation Class; EFTA Terms and Conditions of Transfers Class; and, the RFDCPA Class as "The Classes."

91. The proposed Classes excludes current and former officers and directors of Defendant, members of the immediate families of the officers and directors of Defendant, Defendant's legal representatives, heirs, successors, assigns, and any entity in which it has or has had a controlling interest, and the judicial officer to whom this lawsuit is assigned.

92. Plaintiff does not know the exact number of persons in The Classes, but believes them to be in the tens of thousands, making joinder of all these actions impracticable.

93. The identity of the individual members is ascertainable through Defendant and/or Defendant's agents' records or by public notice.

94. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Class. The questions of law and fact common to the Class predominate over questions affecting only individual class members, and include, but are not limited to, the following:

  a) Whether Defendant violated the RFDCPA as described herein;

  b) Whether members of the Class are entitled to the remedies under the RFDCPA;

  c) Whether members of the Class are entitled to statutory damages under the RFDCPA;

  d) Whether members of the Class are entitled to actual damages under the RFDCPA;

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

e) Whether members of the Class are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the RFDPCA;

f) Whether Defendant may satisfy Defendant's affirmative defense of bona fide error with regard to Defendant's violation of the RFDCPA

g) Whether Defendant violated EFTA as described herein;

h) Whether Defendant obtained written preauthorization to electronically debit funds from accounts;

i) Whether Defendant obtained oral preauthorization to electronically debit funds from accounts;

j) Whether Defendant's Terms and Conditions of Transfers complied with EFTA;

k) Whether Defendant honored stop payment requests;

l) Whether members of the Class are entitled to statutory damages under EFTA;

m) Whether members of the Class are entitled to actual damages under EFTA;

n) Whether members of the Class are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to EFTA;

o) Whether Defendant violated the UCL as described herein;

p) Whether Defendant's conduct was unfair as defined by the UCL;

q) Whether Defendant's conduct was unlawful as defined by the UCL;

r) Whether Defendant's conduct was fraudulent as defined by the UCL;

s) Whether Defendant's conduct caused injury in fact pursuant to the UCL;

t) Whether Defendant's conduct was unfair as defined by the UCL;

u) Whether the class members are entitled to damages pursuant to the UCL as a result of Defendant's conduct; and,

v) Whether the class members are entitled to punitive damages.

95. Plaintiff will fairly and adequately protect the interest of the Classes.

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

96. Plaintiff has retained counsel experienced in consumer class action litigation and in handling claims involving those at issue herein.

97. Plaintiff's claims are typical of the claims of the Classes, which all arise from the same operative facts.

98. A class action is a superior method for the fair and efficient adjudication of this controversy.

99. Class-wide damages are essential to induce Defendant to comply with the federal and State laws alleged in the Complaint.

100. The interests of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum damages in an individual action are minimal.

101. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, e.g., securities fraud.

102. Defendant has acted on grounds generally applicable to The Classes, thereby making appropriate final declaratory relief with respect to the class as a whole.

103. Plaintiff contemplates providing notice to the putative class members by direct mail in the form of a postcard-type notice and via Internet website.

104. Plaintiff request certification of a class for monetary damages.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATION OF THE ELECTRONIC FUNDS TRANSFER ACT

## 15 U.S.C. §§ 1693, ET SEQ. (EFTA)

105. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

106. The foregoing acts and omissions constitute numerous and multiple violations of EFTA.

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

107. As a result of each and every violation of EFTA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1693m(a)(1); statutory damages pursuant to 15 U.S.C. § 1693m(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1693m(a)(3).

## COUNT II

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

108. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

109. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

110. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant individually.

## COUNT III

### VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW
### CAL. BUS. & PROF. CODE § 17200, ET SEQ. (UCL)

111. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

112. Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL.

113. Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices.

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

114. A plaintiff is required to provide evidence of a causal connection between a Defendant's business practices and the alleged harm--that is, evidence that the Defendant's conduct caused or was likely to cause substantial injury.

115. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

### UNLAWFUL

116. California Business & Professions Code §17200 prohibits any "unlawful ... business act or practice."  An unlawful business act or practice is an act or practice that is both undertaken pursuant to business activity and also forbidden by law.

117. Any business act or practice that is unlawful, in the sense that it violates a specific statute, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made, may be enjoined under the UCL.

118. As discussed above, Defendant has systematically and continuously debited consumers' bank accounts without written or oral preauthorization in violation of the statutes at issue herein.

119. Defendant's unlawful business practices directly harmed Plaintiff and the members of the Class since Plaintiff and the members of the Sub-Class have suffered monetary damages.

120. This illegal conduct exacerbated the substantial hardship currently being suffered by Plaintiff and the Sub-Class Members since these consumers were already experiencing extreme financial hardships as a result of the current economic downturn.

121. Furthermore, Defendant's unlawful business practices directly harmed Plaintiff and the members of the Class and as a result statutory damages are now due to Plaintiff and the members of the Class.

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

122. Thus, Defendant's conduct has violated the "unlawful" prong of California Business & Professions Code § 17200.

### UNFAIR

123. California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice."

124. Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

125. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

126. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

127. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

128. Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Sub-Class. Plaintiff and members of the Sub-Class have suffered injury in fact due to Defendant's withdrawal of funds without written or oral preauthorization to do so.

///

///

///

///

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

129. Moreover, Defendant's deceptive conduct of automatically collecting debts from consumers without preauthorization solely benefits Defendant while providing no benefit of any kind to any consumer. Such deception utilized by Defendant convinced Plaintiff and members of the Sub-Class that Defendant had authorization to withdraw funds from consumers' bank accounts. Thus, the injury suffered by Plaintiff and the members of the Sub-Class is not outweighed by any countervailing benefits to consumers.

130. Finally, the injury suffered by Plaintiff and members of the Sub-Class is not an injury that these consumers could reasonably have avoided since Defendant unilaterally debited these monthly payments without written or oral preauthorization.

131. As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiff and the Sub-Class members.

132. The injury suffered by Plaintiff and members of the Sub-Class is not an injury which these consumers could reasonably have avoided.

133. Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

**FRAUDULENT**

134. California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

135. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

136. Here, not only were Plaintiff and the Sub-Class members likely to be deceived, but these consumers were actually deceived by Defendant. Such deception is evidenced by the fact that Defendant systematically and continuously withdrew funds from bank accounts without written or oral preauthorization.

137. Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

## COUNT IV

### NEGLIGENCE

138. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

139. Plaintiff believes and thereon alleges that Defendant owed various duties to Plaintiff pursuant to the EFTA; UCL; and, RFDCPA.

140. Specifically, Defendant owed a duty to Plaintiff with regard to its manner of debt collection practices and electronic fund transfer practices.

141. Defendant breached Defendant's duties by engaging in the acts described herein each in violation of the EFTA; UCL; and, RFDCPA.

142. Plaintiff asserts that Defendant is the actual and legal cause of Plaintiff's injuries.

143. Plaintiff believes and thereon alleges that as a proximate result of Defendant's negligence, Plaintiff has suffered severe emotional distress.

144. Due to the egregious violations alleged herein, Plaintiff asserts that Defendant breached Defendant's duties in an oppressive, malicious, despicable, gross and wantonly negligent manner.

145. As such, said conduct establishes Defendant's conscious disregard for Plaintiff's rights and entitles Plaintiff to recover punitive damages from Defendant.

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

**COUNT V**

**CONVERSION**

146. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

147. Defendant intentionally took monies from Plaintiff's bank account.

148. At all times, Plaintiff owned and/or had full possessory rights over the funds in Plaintiff's bank account.

149. At all times, Defendant had no possessory right to the funds in Plaintiff's bank account.

150. Defendant prevented Plaintiff from having access to and fully deprived Plaintiff of any possessory rights or enjoyment of Plaintiff's chattels or monies described above.

151. The conduct of Defendant was oppressive, fraudulent, malicious and outrageous.

152. Defendant harmed Plaintiff by fully depriving Plaintiff of the full use, value and enjoyment of the chattels or monies described above.

153. Defendant further caused Plaintiff to suffer emotional distress.

154. The conduct of Defendant was a substantial factor in causing Plaintiff this emotional distress and the harm described above in an amount to be proven at trial.

155. Plaintiff is entitled to punitive and exemplary damages in an amount to be established at trial.

**COUNT VI**

**TRESPASS TO CHATTELS**

156. Plaintiff incorporates by reference, all of the above paragraphs of this Complaint as though fully stated herein.

157. Plaintiff had a right to possession of their bank account and monies contained therein at the time Defendant unlawfully took possession.

158. Defendant has intentionally and substantially interfered with Plaintiff's property by taking and retaining possession of Plaintiff's property. Preventing Plaintiff's from having access to Plaintiff's bank account and monies.

159. Plaintiff did not consent to any of Defendant's conduct.

160. Defendant's conduct has caused Plaintiff damages including but not limited to, lost wages, deprivation of use of Plaintiff's bank account, inconvenience, and emotional distress.

161. As a result of Defendant's conduct, Plaintiff is entitled to actual damages, including economic and non-economic damages, and punitive damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

- That this action be certified as a Class Action,
- Plaintiff be appointed as the representatives of the Classes;
- Plaintiff's attorneys be appointed Class counsel;
- An award of actual damages pursuant to 15 U.S.C. § 1693m(a)(1) for Plaintiff and the class members;
- An award of statutory damages of no less than $100 nor greater than $1,000 pursuant to 15 U.S.C. § 1693m(a)(2)(A) for Plaintiff and the class members;
- An award of costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1693m(a)(3);
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a) for Plaintiff and the class members;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b) for Plaintiff and the class members;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c) for Plaintiff and the class members;

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

- An injunction preliminarily and permanently enjoining Defendant from engaging in the unlawful debt collection practices stated herein;

- General damages according to proof for Plaintiff and the class members;

- Special damages according to proof for Plaintiff and the class members;

- Loss of earnings according to proof for Plaintiff and the class members;

- Costs of suit incurred herein;

- That the Court find that Defendant is in possession of money that belong to Plaintiff and class members that Defendant has not returned the money;

- That the Court award Plaintiff and the Class damages and/or full restitution in the amount of the subscription payments made by them pursuant to Cal. Civ. Code § 1694, et seq. in an amount to be proved at trial;

- An order requiring Defendant to pay restitution to Plaintiff and the Class due to Defendant's UCL violations, pursuant to Cal. Bus. & Prof. Code §§ 17200-17205 in the amount of their subscription agreement payments;

- An order requiring imposition of a constructive trust and and/or disgorgement of Defendant's ill-gotten gains and to pay restitution to Plaintiff and all members of the Class and to restore to Plaintiff and members of the Class all funds acquired by means of any act or practice declared by this court to be an unlawful, fraudulent, or unfair business act or practice, in violation of laws, statutes or regulations, or constituting unfair competition;

- Punitive damages according to proof as to the Fourth, Fifth; and/or, Sixth Causes of Action against Defendant for Plaintiff and the class members;

- Any and all other relief the Court deems just and proper.

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

## TRIAL BY JURY

162. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demand, a trial by jury.


Dated:  August 3, 2018                                    Respectfully submitted,

                                        KAZEROUNI LAW GROUP, APC

                                        By: ___/s/ Matthew M. Loker___
                                            MATTHEW M. LOKER, ESQ.
                                            ATTORNEY FOR PLAINTIFF

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420